March 18, 2024

The Honorable Zahid N. Quarashi
Judge of the District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

RE: Case: 3:23-cv-20468-ZNQ-TJB

Dear Judge Quaraishi,

Please see the below response to Defendants John Perrone, Esq. and Defendant Counsel Christopher Tretola, Esq. on behalf of Kalavarous, Mumola, Hartman, Lento & Duff, hereafter (KMHLD Law).

## ATTORNEYS & LAW FIRMS

1. The elements of a legal malpractice action are "(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney; (2) the breach of that duty by the defendant, and (3) proximate cause of the damages alleged by the plaintiff." Gilbert v. Stewart, 247 N.J. 421 (2021); Jerista v. Murray, 185 N.J. 175 (2005) (quoting McGrogran v. Till, 167 N.J. 424 (2001)); Garcia v. Kozlov, Seaton, Romanini & Brooks, P.C., 179 N.J. 343 (2004).

2. Pursuant to the Supreme Court's guidance in Garcia, the trial court should permit a plaintiff to pursue either the suit within a suit, a reasonable accommodation of the suit within a suit, or lost settlement value. See also Lieberman v. Employers Ins. of Wausau, 84 N.J. 325 (1980); Kranz v. Tiger, 390 N.J. Super. 135 (App. Div. 2007).

3. Plaintiff retained and hired defendants John Perrone, KMHL Law and Edward "Ted" Bertuccio to represent him in the underlying case/matter State v. Randy Thompson. As a result of this retention or hiring, an attorney-client relationship was established between defendants John Perrone, KMHL Law

and Edward "Ted" Bertuccio, were required to represent plaintiff according to the standard of care for lawyers handling a matter of false allegation of sexual assault and family court issues.

4. Here, plaintiff contends that the defendants John Perrone, KMHL Law and Edward "Ted" Bertuccio were negligent, that is to say, breached or deviated from the standard of care, when defendants represented plaintiff in the underlying case/matter which involved alleged criminal conduct and family court matters. Plaintiff also contend that as a result of defendants' negligence, plaintiff suffered injury or damages.

5. Attorneys in New Jersey must provide services with reasonable diligence and must exercise that degree of reasonable knowledge and skill that lawyers of ordinary ability and skill possess and exercise.

6. The defendants in this case claim to be or hold themselves out as a specialists in the field of criminal defense law. Accordingly, a lawyers like defendants, who claim to be or hold themselves out as a specialist in in the field of law as *New Jersey Supreme Court Certified Criminal Defense Attorneys* must exercise the knowledge and skill ordinarily possessed by other specialists in this area of law.

7. Defendant Edward "Ted" Bertuccio violated Rule of Professional Conduct RPC 4.1 by making false statements to the court about client's communication. Defendant Bertuccio also lied to plaintiff stating he would "go after the prosecutor" and "had no problem attacking the government." Defendant Bertuccio also lied to Plaintiff stating that Pretrial Intervention was the same as an outright dismissal. Defendant Bertuccio then went on to tell plaintiff that the records were guaranteed to be sealed as if it had never happened in an effort to undermine plaintiff's will to go to trial. Plaintiff does not have the exact date but can locate it as Plaintiff deliberately asked Judge Lucas if it were true that records were sealed. Plaintiff asked this on the record because plaintiff believed his attorney was again, lying to him. Judge Lucas stated that the records would definitively remain available to the public which plaintiff already knew, as he read political news including when opposition candidates dug-up PTI deals of their opponents.

8. Similarly Defendant Perrone refused to reject a PTI deal even though Plaintiff repeatedly instructed him to do so.

9. None of the Defendant attorneys informed Plaintiff that Prosecutor Monica Do Oteiro, Director of the Appellate Division, submitted falsified statements in a signed and sworn affidavit to the court. See February 7, 2019 response brief by Prosecutor Do Oteiro.

10. Plaintiff alleges that Defendant Attorneys either negligently or purposefully caused these harms.

### Specific Responses to John Perrone, Esq.'s Motion to Dismiss

11. John Perrone, Esq. is currently in a state of Clerk's Entry of Default Judgement as per Federal Civil Rules of Procedure 55 (a) since December 13, 2023 and therefore the motion to dismiss should be set aside.

12. Defendant Perrone was protective of Defendant Prosecutor Fichter as well as Defendant Perry to the detriment of his client.

13. Specifically, Defendant Perrone refused to take action when at the Monmouth County Courthouse Defendant Perry walked up to Plaintiff who was sitting with J.L. (minor child 13 years old – friend of S.T.), Jeana Sager, Leticia Lee, Don Lee and Grace Rotundo and Defendant Perry threatened J.L. for coming to court with Plaintiff and his family. Defendant Perrone refused to address the witness intimidation. Plaintiff will work to confirm the approximate date.

14. At another meeting between Plaintiff and Defendant Perrone at the Monmouth County Court House, Plaintiff brought up a recent burglary at his home and the fact that the Asbury Park Police insinuated that Plaintiff's daughter, and her mother violated the restraining order by going into the home of plaintiff and removing items. Defendant Perrone refused to propose sanctions or even warnings.

15. Plaintiff believed that the above represented unlawful boundary violations that caused harm not only to the people involved but also were relevant to showing which parties actually do not respect boundaries of others in a case where boundary violations are being alleged. Defendant Perrone refused to take action.

16. Defendant Perrone continual refusal to reject PTI caused plaintiff to email Prosecutor Fichter directly stating he was "rejecting all plea offers. The only thing we will accept is speedy trial."

**Response to Motion to Dismiss by Christoper S. Tretola, Esq. for Defendants Edward C. Bertuccio and Kalavaruzos, Mumola, Hartman, Lento & Duff, LLC (hereafter KMHL&D Law).**

17. This response motion addresses the (5) points raised by Defense Counsel Tretola, pleading that these (5) points are not satisfied completely and where they may near satisfaction, plaintiff prays that the court will set-aside the motion to dismiss and allow plaintiff to cure any perceived or real deficiencies.

### POINT I

18. Defendants KMHL&D Law and Mr. Bertuccio plead that they were improperly served.

19. Defendants KMHL&D Law were properly served according to Federal Rules of Civil Procedure. See Exhibit A – Affidavit of Service on KMHL&D Law and Affidavit of Service on Edward (Ted) Bertuccio, Jr. with comments detailing direct communication with Defendant.

20. PlaintIf believes that he fully satisfied the constitutional service requirement for defendants KMHL&D Law and Mr. Bertuccio. However, should the court deem any service is deficient plaintiff requests that the court allow plaintiff to cure that deficiency of service within (7) days of the court's order.

### POINT II

21. Defendants KMHL&D Law and Mr. Bertuccio plead that plaintiff's pleadings are too big and do not meet the "short and plain statement…" where defendants cite in the footnotes a case that that was a "179 paragraph monstrosity" pg. 4. Plaintiff notes that defendants are part of, the same case or

controversy and arise out of a common nucleus of operative fact, which caused irreparable harm to plaintiff. This common nucleus (case) includes more than 30 named defendants, two law firms, two municipalities, two individual women and two state agencies. Given that, plaintiff submits to the court in hopes that it is viewed that his statement is brief being only 18 pages and containing 42 paragraphs for so many defendants.

22. Page 5, Defendants note that no time, place or date. While plaintiff does not wish to engage in unilateral premature discovery disclosure. However, in good faith plaintiff does offer the following which is not the totality of communications or actions of Defendants KMHL&D Law and Mr. Bertuccio:

   a. Following a hearing where Prosecutor Thomas Fichter (at minimum) reversed dates to conceal guilt of false accusers and make plaintiff look guilty, lied about the status of the charge of harassment against defendant burgos as well as fabricated his own definition of "Not Established" plaintiff pleaded with Defendant Bertuccio to alert the court of these actions in emails dated:

      i. March 12, 2020
      ii. March 17, 2020
      iii. April 4, 2020
      iv. June 10, 2020

   b. As defendant Bertuccio refused to take any action, plaintiff then emails every named Partner at KMHL Law pleading for a response on August 28, 2020. Plaintiff pleaded with all name partners
   c. at least one more time via email on November 2, 2020 to take action and legally defend plaintiff against Prosecutor's latest fabricated evidence and suppression of evidence. Defendant

Bertuccio (plaintiff believes with Defendant KMHL Law's permission or acquiescence) begins to threaten plaintiff that if he "mentions the prosecutor again, I will recuse myself from the case."

d. By November 18, 2020 defendant Bertuccio (and Plaintiff believes defendant KMHL Law) begin using a motion for recusal as a tool of coercion. See email to Judge Lourdes Lucas dated January 6, 2021 where plaintiff alerts the new Judge overseeing the case that the motion to recuse is being used as a threat to silence me about the unlawful actions of Prosecutor Fichter. Plaintiff repeats these assertions in the hearing before Judge Lucas as well.

e. When defendant Bertuccio threatened Plaintiff, Plaintiff's girlfriend contacted KMHL Law partner of the firm regarding the threatening behavior in an attempt to resolve the issue. Plaintiff will confirm the approximate dates of this occurrence.

23. Defendant Bertuccio would not adjust the motion for psychiatric records of the false accusers: mother and daughter……after Prosecutor Fichter responded stating that general records requests cannot be made but must be narrowed. Plaintiff had records which would allow Defendant Bertuccio to narrow the request to comply with law. However, plaintiff believes this shows Bertuccio was deliberately acting in concert with the state against Plaintiff and engaging in legal malpractice to ensure that the motion failed. After Defendant Bertuccio refused the information that was offered to cure the pronounced deficiency, the judge rejected the motion for exactly that reason stating that the request was "overbroad" and essentially a "fishing expedition."

**POINT III**

24. Defendants Bertuccio and KMHL Law claim that plaintiff's civil action is time barred see statement on Statute of Limitations addressed below.

### Point IV

25. Defendants KMHL Law and Mr. Bertuccio claim that KMHL Law should be dismissed as there is no respondeat superior liability. Plaintiff directs the court to facts listed under Point II to overcome this defense.

### Point V

26. Plaintiff again repeats his prayer to the court that he shall be allowed to amend the pleading in a timely manner to include the facts and assertions listed above including showing direct connection to constitutional violations through amendment specific doctrines.

### Response to All Defendant Attorneys John Perrone, KMHL Law and Edward "Ted" Bertuccio

27. Plaintiff repeats all of the above facts and claims as related to the below:

### Statute of Limitations and Malicious Prosecution

28. For any defendant raising a statute of limitation defense, plaintiff asserts that all parties actively cooperated and worked hand-in-glove to deprive plaintiff of his civil rights. Plaintiff asserts that all parties acted under the color of state law as In fact the state actors could not have accomplished their goal of malicious prosecution without the very real and ongoing cooperation of other defendants. Furthermore Malicious Prosecution cannot be a cause of action in New Jersey until the criminal charges are disposed of. The case was not disposed until September 20, 2021.

29. There are three tests for determining whether a private actor may be treated as a state actor: the public-function test, the state-compulsion test, and the nexus test  Nugent v. Spectrum Juv. Just. Servs., 72 F.4th 135.

30. The actions of a private individual may be attributable to the state when there exists "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself" Williams v. City of Nacogdoches, 2023 U.S. Dist. LEXIS 120587. A person may become a state actor by conspiring with a state official, or by engaging in joint activity with state officials. A person may also become a state actor by becoming so closely related to the State that the person's actions can be said to be those of the State itself Island Airlines, LLC v. Bohlke, 76 V.I. 47. This is necessarily a factbound inquiry Cusick v. Gualandri, 573 F. Supp. 3d 1256.

31. Plaintiff asserts that the harm of each defendant's action was ongoing until the case was dismissed. Trinity Church v. Lawson-Bell, 394 N.J. Super. 159: The New Jersey Superior Court ruled that a contractual statute of limitations clause was still subject to equitable tolling, though the requirements were "exacting." It cited the general recognition in New Jersey courts that equitable tolling may apply where a defendant's misconduct caused a plaintiff to delay filing suit.

32. Likewise when factors such as those listed are missing, is when equitable tolling is not to be allowed. Rodriguez v. Singleton, 2023 N.J. Super. Unpub. LEXIS 1932: In Rodriguez v. Singleton, the New Jersey Superior Court, Appellate Division affirmed the dismissal of a personal injury lawsuit filed outside the two-year statute of limitations. The court found equitable tolling did not apply because plaintiff failed to show defendant misconduct, extraordinary circumstances preventing timely filing, or mistaken filing in the wrong forum.

33. Counter analogous to Rodriguez v. Singleton In this case due to the actions of each defendant, plaintiff was caught in a trap of their collective design. No matter which way he turned, no matter how much money he spent for counsel or what authority he pleaded for help to, plaintiff was unable to understand the laws being broken, misrepresented and misapplied to him and therefore was paralyzed in asserting his rights through any avenue by way of a functional output from all defendant's actions.

34. More to this point of extraordinary circumstances and deceit being the defining line to support tolling, *Joseph R. McFadden v. Pentagon Fed. Credit Union, 2023 N.J. Super. Unpub. LEXIS 1298*: In Joseph R. McFadden v. Pentagon Fed. Credit Union, the New Jersey Superior Court, Appellate Division held plaintiff's lawsuit was barred by the six-year statute of limitations. It rejected plaintiff's equitable tolling arguments, finding no evidence of trickery by defendant or extraordinary circumstances warranting tolling.

35. Therefore, "[an SOL] may be equitably tolled [only] under very limited circumstances . . . ." *Barron v. Gersten, 472 N.J. Super. 572, 577, 277 A.3d 502 (App. Div. 2022)* (quoting *F.H.U. v. A.C.U. 427 N.J. Super. 354, 379, 48 A.3d 1130 (App. Div. 2012)*). "Absent a showing of intentional inducement or trickery by a defendant, [equitable tolling] . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice." *Ibid.* (quoting *Binder v. Price & Co., LLP, 393 N.J. Super. 304, 313, 923 A.2d 293 (App. Div. 2007)* (quoting *v. State, 347 N.J. Super. 11, 31, 788 A.2d 867 (App. Div. 2002)*)).

36. The evident intention of the section was to apply the limitation when an adverse interest was asserted. In such a case it was only reasonable that a statute of limitation should exist. To apply it to an interest concealed, and of which the assignee could have no knowledge, would be unreasonable. *Bailey v. Glover*, 88 U.S. 342 at 11

37. Plaintiff did not discover the true meaning of the Division of Child Protection and Permanency's investigative finding until well after the case was dismissed. Plaintiff asserts that It was at this time that it became clear that although plaintiff knew in his gut that the police and prosecutors were wrong, plaintiff now (after the case was dismissed) understood that the view of the law confirmed his feelings.

38. At all times plaintiff was illiterate to the law and was dependent on (and hoped through his despair) that defendnats John Perrone, KMHL Law and Edward "Ted" Bertuccio would be honest and defend plaintiff.

39. Instead defendants exploited plaintiff's illiteracy of the law to cause harm and push him beyond despair in furtherance of their malicious prosecution with the other defendants and legal malpractice.

40. As a final example, at a hearing before Judge Lucas, Plaintiff broke down histerically crying having not seen or heard from his daughter in close to (2) years at that point. Shockingly it was Plaintiffs own attorney, Edward "Ted" Bertuccio who verbalized his absolute disgust and disdain for plaintiff by disparaging him. Audio in possession of the plaintiff.

Respectfully Submitted,

/s/ Randy Thompson

AO 440 (Rev. 06/12) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT, CIVIL RULE 10.1 STATEMENT** |
| EFFECTED (1) BY ME: | **ANDREW PAWELEK** |
| TITLE: | **PROCESS SERVER** |
| | DATE: **12/1/2023 11:19:04 AM** |

**CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:**

[ ] Served personally upon the defendant

EDWARD (TED) BERTUCCIO, JR.

Place where served:

LAW OFFICE OF EDWARD BERTUCCIO, ESQ. 12 COURT STREET, UNIT 16 A FREEHOLD NJ 07728

[X] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

JANE DOE

Relationship to defendant **ASSISTANT**

Description of Person Accepting Service:

SEX: F   AGE: 51-65   HEIGHT: 5'4"-5'8"   WEIGHT: 131-160 LBS.   SKIN: WHITE   HAIR: BLACK   OTHER: _____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

## STATEMENT OF SERVER

TRAVEL $ _____   SERVICES $ _____   TOTAL $ _____

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

**Served Data:**
Subscribed and Sworn to me this
1st day of December, 2023
Notary Signature _____
Rosemary Ramos
Name of Notary
September 25th, 2028
My Commission Expires

[Notary Seal: ROSEMARY RAMOS, NOTARY PUBLIC, STATE OF NEW JERSEY, My Commission Expires September 25, 2028]

I, **ANDREW PAWELEK**, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Process Server   12/01/2023
Date

**Attempts**

| | |
|---|---|
| ATTORNEY: | RANDY C. THOMPSON, PRO-SE |
| PLAINTIFF: | RANDY C. THOMPSON |
| DEFENDANT: | NEW JERSEY ATTORNEY GENERAL, ET AL |
| VENUE: | DISTRICT |
| DOCKET: | 3 23 CV 20468 ZNQ TJB |
| COMMENT: | USUALLY CLOSED HE CONTACTED ME STATING THAT HE WILL NOT ACCEPT SERVICE THEN HIS SECRETARY CALLED STATING THAT HE WILL ACCEPT SERVICE AND ON LAST ATTEMPT THEY SAID THAT THEY WILL NOT SIGN FOR IT, I LEFT IT WITH THE FRONT DESK |

11/15/2023 9:05:14 AM
11/15/2023 1:27:25 PM
11/17/2023 9:10:44 AM
11/20/2023 3:05:50 PM
11/22/2023 4:42:46 PM

AO 440 (Rev. 06/12) Summons in a Civil Action

**RETURN OF SERVICE**

| | |
|---|---|
| SERVICE OF: | **SUMMONS AND COMPLAINT** |
| EFFECTED (1) BY ME: | **WILLIAM LAGUER** |
| TITLE: | **PROCESS SERVER** |
| | DATE: **12/15/2023 4:21:13 PM** |

CHECK ONE BOX BELOW TO INDICATE APPROPRIATE METHOD OF SERVICE:

[X] Served personally upon the defendant

KMHL&D LAW OFFICES

Place where served:

3500 QUAKERBRIDGE ROAD, SUITE 202   HAMILTON   NJ   08619

[ ] Left copies thereof at the defendant's dwelling house or place of business with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left:

ANNA MICROUTSICOS

Relationship to defendant   **PERSON AUTHORIZED TO ACCEPT SERVICE**

Description of Person Accepting Service:

SEX: F   AGE: 21-35   HEIGHT: 5'4"-5'8"   WEIGHT: 131-160 LBS.   SKIN: WHITE   HAIR: BROWN   OTHER: ____

[X] To the best of my knowledge, said person was not engaged in the U.S. Military at the time of service

**STATEMENT OF SERVER**

TRAVEL $ _____   SERVICES $ _____   TOTAL $ _____

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Return of Service and Statement of Server is true and correct.

Served Data:
Subscribed and Sworn to me this

15th day of December, 2023

Notary Signature _____

Rosemary Ramos
Name of Notary

September 25th, 2028
My Commission Expires

[Notary Seal: ROSEMARY RAMOS, NOTARY PUBLIC, STATE OF NEW JERSEY, My Commission Expires September 25, 2028]

I, WILLIAM LAGUER, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   12/15/2023
Signature of Process Server   Date

ATTORNEY:   RANDY C. THOMPSON, PRO-SE
PLAINTIFF:   RANDY C. THOMPSON
DEFENDANT:   NEW JERSEY ATTORNEY GENERAL, ET AL
VENUE:   DISTRICT
DOCKET:   3 23 CV 20468 ZNQ TJB
COMMENT:

**Randy Thompson** <randycthompson@gmail.com>　　　　　　　　　　　　　　　　Wed, Jan 6, 2021 at 11:48 AM
To: Christina Landrie <Christina.Landrie@njcourts.gov>, ~~jeana sager <sagerj1@hotmail.com>~~, ~~grace rotundo <lucid.2@hotmail.com>~~, Grace Rotundo <grotundo65@gmail.com>

For the Judge:

Attached is the signed agreement between me and ted bertuccio/KMHL Law firm.

Ted's motion has nothing to do with communication issues and has everything to do with Mr Bertuccio's defiance to address the malicious prosecution and fabrication of evidence by Assistant Prosecutor Thomas Fichter. the threats to recuse himself began when I confronted bertuccio about his deliberate inaction including a hearing in front of Judge Oxley who not only allowed the prosecutor to fabricate evidence but also dismissed valid charges against Tatiana Burguos using the fabricated evidence.

The use of these motions to dismiss is an abuser tactic and an attempt to circumvent our legally binding contract which does not allow recusal and intentional abandonment of the client, while also molesting justice by protecting the prosecutor and the Judge from their willful breaking of the law.

Your Honor should sanction Bertuccio for this abuse of his client and the system; hold the motion in an effort to allow KMHL Law Firm and their client to settle this matter; refer the violation of the law of Fichter and Oxley to the Supreme Court and the Attorney General instead of placing that burdon on the shoulders of the falsely accused.

Granting Bertuccio this abusive motion will not only intentionally cripple my ability to defend my self but also empower this abusive action to happen to others during a pandemic.

📎 **SIGNED Retainer Agreement.pdf**
418K