June 9, 2025

The Honorable Edward S. Kiel
United States District Judge
for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

The Honorable Elizabeth A. Pascal
United States Magistrate Judge
for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

RECEIVED JUN 16 2025 U.S. EDWARD S. KIEL DISTRICT JUDGE

**EMERGENCY UPDATE**
Civil Case THOMPSON v. NEW JERSEY ATTORNEY GENERAL et al
Civil Docket for Case: 1:23-cv-20468-ESK-EAP

Dear Judge Kiel and Judge Pascal,

I am writing to update the court, specifically:

1. A recent attack by uniformed police of defendant party **City of Asbury Park.**
2. Recent revelation that there is no case State v. Randy Thompson and there is no True Bill Indictment.
3. The Monmouth County Prosecutors engaged in a systematic and widespread pattern of undermining the grand jury system.
4. Letters from opposing counsels.
5. Set Aside Ocean Township Defendants' Reply Brief for filing a week late.

**#1 Recent attack by Uniformed Police of Defendant Party The City of Asbury Park**

Recently I was attacked by a woman that I believe has ties to criminal entities. More recently I received videos of the event. The video captures multiple uniformed Asbury Park Police Officers encouraging the woman to be hostile with me as she make several threats of violence directly at me. Building off of their deliberate incitement to violence one officer points directly at me while instructing the woman "you take care of him" and the woman responds "I will, you know I will – turn around" she then attacks me and the officers turn around as planned. As the officers turn around they are heard on the video saying "I don't see anything."

Later in the video a uniformed police officer is heard discussing the entire plan to turn around so that they would not see the woman attacking me but would arrest only *me* if I defended myself (maliciously prosecute).

Afterwards anywhere from 6 – 10 uniformed police officers can be heard on the video celebrating the attack, laughing and rejoicing.

I have to point out that this case Thompson v. New Jersey Attorney General et al is about my being framed for abusing a female that I did not harm. The event that I just detailed is another vicious and criminal act against me again attempting **to frame me as a criminally violent abuser of a female** when it is actually (again) **the defendant party engaging in the criminal violence.** This is being done while there are multiple federal civil rights lawsuits being litigated: Randy C. Thompson v. New Jersey Attorney General (Pro se) and Randy C. Thompson v. City of Asbury Park (with representation). This is further evidence that there is a custom, policy or practice that tolerates police abuses of power no matter how egregious and repetitive – these attacks are systematic.

This event has caused harm and undue stress manifesting an extreme circumstance which caused delay of the filing of the 2nd Amended Complaint. With ongoing fear for my life I am forced to divert time to file for injunctive relief/restraining order as I firmly believe that monetary damages will never stop Defendant City of Asbury Park or its Officers from attempting to systematically harm me and violate my civil rights.

## 2. Recent revelation that there is no case State v. Randy Thompson

The case file number under which I was prosecuted over nearly 4 years does not correlate to any case naming me. Instead the case correlates to <u>State of New Jersey v. Tatiana Burgos</u>. The search was performed in the JEDS/NJ Courts - Judiciary Electronic Document Submission.

There is also no True Bill of Indictment. The "indictment" I was presented with does not indicate anywhere that it is a True Bill nor does it have anywhere on it any signature of the Grand Jury Foreperson. The line allotted for the Grand Jury Foreperson is left **completely blank**. Please note this is not a "Public File" discrepancy that is tolerated as noted in <u>State v. Lombardo</u>, 18 N.J. Super. 511, 87 A.2d 375 (County Ct. 1952) or <u>U.S. v. Curls</u>, 219 Fed. Appx. 746 (2007).

### TO BE INCORPORATED INTO SECOND AMENDED COMPLAINT

## 3. Monmouth County Prosecutors Engaged in Widespread Pattern of Undermining Grand Jury in role of criminal prosecutions.

I am in possession of multiple other indictments unrelated to this case and my person, all of which leave the signature line of the Grand Jury Foreman to certify the indictment **completely blank** and also do not say it is a True Bill. This is a clear indication of a custom, policy or practice to erode the constitutionally guaranteed Fifth Amendment right to indictment. Please note this is not a "Public File" discrepancy that is tolerated as noted in <u>State v. Lombardo</u>, 18 N.J. Super. 511, 87 A.2d 375 (County Ct. 1952) or <u>U.S. v. Curls</u>, 219 Fed. Appx. 746 (2007).

### TO BE INCORPORATED INTO SECOND AMENDED COMPLAINT

### 4. Letters from Opposing Council

Defense Counsels Jeanine Clark, Esq. representing Defendant Perrone and Christopher Tretola, Esq. representing Defendant KMHL&D Law and Defendant Bertuccio submitted letters opposed to a 2nd Amended Complaint DOCKET ENTRIES #145 and #146 respectively. Both letters cite prejudice to their clients although no specific examples are given. Mr. Tretola cites his previous letter in Docket ENTRY #107 which I addressed during my medical emergency resulting in several hospitalizations in letter DOCKET ENTRY #110 and which this court has already ruled on. The 2nd Amended Complaint is generated from the same case and controversy – defense counsels know exactly what claims are actionable from the fact-pattern. Additionally, at defendants' request we have not even begun discovery so there is no prejudice to the defendants.

### 5. Set Aside Ocean Township Defendants' Reply Brief for filing nine days late.

Ocean Township Defendants' Reply brief must be set aside. This Court ordered the plaintiff to have his amended complaint submitted by February 4, 2025 and defendants' reply by February 11, 2025. I submitted my amended complaint on time with proof of service DOCKET ENTRY #121. Defense Counsel Schwartz did not submit his reply brief until February 20, 2025 a full nine days late. To my knowledge there are no communications on the docket that Mr. Schwartz asked for or received an extension of time.

Instead Mr. Schwartz attempts to blame me for his delayed filing. Please note that I did attempt to help Mr. Schwartz only as a courtesy by contacting the Clerk of the Court. I was only

able to confirm that the court was able to upload the same exact document that Mr. Schwartz said was causing his delay. Even if we were to accept at face value Mr. Schwartz's claim that my brief was not able to be uploaded, that does not alleviate him from his responsibility to notify the court. Furthermore in the documents he provided as proof there is a link that says "CLICK HERE" for more information on his failed upload. Mr. Schwartz did not include any indication in his letter DOCKET ENTRY #143 that he clicked on the link. Nor does his letter consider that his computer systems may have been the problem or as Clerk of the Court Staff have said upon my inquiries, sometimes the system just rejects things.

Mr. Schwartz states in his letter "Thus having waited a week to hear from Mr. Thompson, so we could file his opposition, we now understand that his papers were filed on the docket." It is Mr. Schwartz's responsibility to stay up to date on the court's docket. I fulfilled my responsibility according to this court's scheduling order. Mr. Schwartz did not request the court's leave for extended time and therefore is in violation of Local Civil Rule 7.1 (d) (7) which states "The Court may reject any brief or other paper not filed within the time specified."

**Therefore I respectfully request that the Ocean Township Defendants' Brief be REJECTED.**

Further, should the court rule before I submit a second amended complaint, on my request for a small time extension DOCKET ENTRY #144 requesting 14 days to prepare a SECOND AMENDED COMPLAINT - I ask that the time run from the date of Your Honor's order. This request is made under the extraordinary circumstances described in Point #1: A recent attack by uniformed police of **defendant party City of Asbury Park.** The recent attack raises very real concerns about the safety of my life.

As always I thank you and your staff for your careful consideration and judgement on this matter.

Sincerely,

Randy C. Thompson /s/

Pro se Plaintiff

Cc: All Defendants and Defense Counsel via email & ADS

Angela Rachel Perry pangela0414@gmail.com
William J. Jeffrey, Esq. WJeffery@theSClawoffice.com
Micahel McNeil, Deputy Attorney General michael.mcneil@law.njoag.gov
Christopher S. Tretola, Esq. ctretola@hartmanduff.com
David A. Schwartz, Esq. dschwartz@schwartzposnock.com
Jeanine Clark, Esq. jclark@margolisedelstein.com
Jonathan Cohen, Esq. jcohen@pclawnj.com and James Plosia, Esq. jplosia@pclawnj.com

**FROM:**

Randy Thompson
1130 Springwood Ave.
Asbury Park NJ 07712

**TO:**

Judge K
Mitchell
4th + Coo
Camden



CERTIFIED MAIL

9589 0710 5270 1497 1418 53





Retail

U.S. POSTAGE PAID
FCM LG ENV
BRADLEY BEACH, NJ 07720
JUN 10, 2025

$10.99

08101

RDC 99

S2324N504304-15

...el
...hen Bldg / Courthouse
... Street
NJ 08101

ReadyPost.