August 15, 2025

The Honorable Edward S. Kiel  
United States District Judge  
for the District of New Jersey  
Mitchell H. Cohen Building  
& U.S. Courthouse  
4th & Cooper Streets  
Camden, NJ 08101

The Honorable Elizabeth A. Pascal  
United States Magistrate Judge  
for the District of New Jersey  
Mitchell H. Cohen Building  
& U.S. Courthouse  
4th & Cooper Streets  
Camden, NJ 08101

### Motion for Court's Leave – Second Amended Complaint
Civil Case THOMPSON v. NEW JERSEY ATTORNEY GENERAL et al  
Civil Docket for Case: 1:23-cv-20468-ESK-EAP

Dear Judge Kiel and Judge Pascal,

I have labored intensely to write the SECOND AMENDED COMPLAINT which I believe can be used as a supplement to Judge Kiel's yet to be issued ruling from March 17, 2025 (DOCKET ENTRIES February 12, 2025) OR the court can grant its leave to accept my Second Amended Complaint as superseding or supplementing – relating back to the original date of service filing. I write this motion for the Court's leave to accept the SECOND AMENDED COMPLAINT and Judge Kiel can make the determination as to how best to best utilize the submission. My goal is for the case to move forward so that I can effectively prosecute the case.

There are at minimum 163 specific actions detailed in the SECOND AMENDED COMLAINT which were taken by the defendants in furtherance of their plan to violate my constitutional rights. I have parsed out the allegations into thirteen separate counts which detail among other harms: Inter-agency FALSE REPORTING, Inter-agency CHILD ABUSE, Inter-agency CONSPIRACY and GRAND JURY TAMPERING, in order to prosecute a single-father that law enforcement and the false accusers knew was innocent and was trying to protect his then 14 year old daughter.

Amending Complaint

I have learned from Judge Kiel's prior rulings (Wright-Phillips v. United Airlines, Inc. 2021 U.S. Dist. LEXIS 162549 *; 2021 WL 3828837) and the 3rd Circuit's rulings that the merits should rule the pleadings, rather than the pleadings constraining the merits. It is stated clearly that courts must allow an amendment unless it is futile.

Rule 15 "embodies a liberal approach to pleading." Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (citation omitted). "The court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). "This standard encompasses a broad range of equitable factors."3 Arthur, 434 F.3d at 203 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Under Foman, in the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman, 371 U.S. at 182). "A court will consider an amendment futile if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'" Jemas v. CitiMortgage, Inc., No. 12-03807, 2013 U.S. Dist. LEXIS 44476, 2013 WL 1314729, at *4 (D.N.J. Mar. 28, 2013) (quoting Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990)). In determining whether an amendment is "insufficient on its face," the court considers the Rule 12(b)(6) motion to dismiss standard. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Harrison

"The grant or denial of leave to amend is a matter committed to the sound discretion of the court. Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). "The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." [*10] Arthur, 434 F.3d at 206 (citing Foman, 371 U.S. at 182). The Third Circuit also recognizes the "strong liberality in allowing amendments under Rule 15 ... to ensure that claims will be decided on the merits rather than on technicalities." Clinton v. Jersey City Police Dep't, No. 07-05686, 2017 U.S. Dist. LEXIS

37779, 2017 WL 1024274, at *2 (D.N.J. Mar. 16, 2017)."

Alston v. Parker, 363 F. 3d 229, (3d Cir. 2004) shows the liberal position of allowing Amended Complaints "We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." (citing) Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir.2000))." The Alston Court ultimately stated "On remand, the District Court should offer Alston leave to amend pursuant to the above procedures for 12(b)(6) dismissals, unless a curative amendment would be inequitable, futile, or untimely." *Id* at 4.

## Timeliness

This motion for the court's leave to amend is timely as all parties were awaiting the court's decision scheduled for March 17, 2025. The docket has been kept up to date by the plaintiff with updates and responses from defendants. Several cases show that passage of time is not an issue even if discovery has begun or has closed so long as there is no bad faith or prejudice. In this case we have not even begun discovery, and the amendments come from the same case and controversy – there is no prejudice:

Katz v. Ambit Ne., LLC, 2023 U.S. Dist. LEXIS 46275 allowed a 2nd Amended Complaint months after the opinion on the 1st Amended Complaint. Dispute arose from Katz's longstanding account with New Jersey Natural Gas alleging his account was unlawfully accessed to add service charges, amounting to unjust enrichment.

Harrison v. Rubin, 174 F.3d 249, 252 (D.C. Cir. 1999), the Court of Appeals held that it was an abuse of discretion to deny an amendment where the claims and defenses under the amended claim required essentially the same proof as under the original pleading.

Material Supply Intern v. Sunmatch Industries, 146 F. 3d. 983, 991 (D.C. Cir.1998) It was held an abuse of discretion to deny an amendment to add a statute of limitations defense. Although the amendment was offered after close of discovery and just prior to trial, the plaintiff was on notice of the defense from defendant's argument in an earlier memo, and no discovery was needed to prepare to try the limitations issue.

Rachman Bag Co. of Hartford v. Liberty Mutual Ins. Co., 46 F. 3d 230, 234 (2d Cir. 1995), it was held proper to allow an amendment to plead fraud, despite the passage of four years, where the amending party

had pleaded fraud before, but the court had redirected parties to focus on other issues, and no showing was made of prejudice to the opposing party or bad faith.

<u>Security Ins. Co. of Hartford v. Kevin Tucker & Associates, Inc.</u> 64 F. 3d. 1001, 1009 (6th Cir. 1995), it was held an abuse of discretion to deny an amendment where the case had been dormant during most of the period of delay in seeking the amendment. The case remained in the early stages of discovery, and no cut-off for discovery or trial date had been set.

<u>State Agencies</u>

The State of New Jersey, The Office of the New Jersey Attorney General and the New Jersey Department of Children and Families will receive a letter inviting them to join the lawsuit for the interests of justice, to protect the innocent and prevent child abuse.

You will find enclosed courtesy copies (2) of both the amended complaint and the complaint with red-line track changes so that all parties can see exactly what has been amended in accordance with Local Civil Rile 15.1, a list of counts in the amended complaint and their page numbers. An order is attached.

As always, thank you for your careful consideration and for all that you do.

Sincerely,

Randy C. Thompson /s/
Plaintiff
Pro se

## ORDER

MOTION, on this day _____ of the month of _____ 2025 the court's leave is hereby GRANTED to accept the SECOND AMENDED COMPLAINT – relating back to the original date of service in the matter of THOMPSON v. NEW JERSEY ATTORNEY GENERAL et al

Civil Docket for Case: 1:23-cv-20468-ESK-EAP

_____
The Honorable Edward S. Kiel
Judge of the District Court