IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ | : | HON. EDWARD S. KIEL, U.S.D.J. |
| RANDY C. THOMPSON, | : | HON. ELIZABETH A. PASCAL, U.S.M.J. |
| | : | |
| Plaintiff, | : | Case No.: 1:23-CV-20468-ESK-EAP |
| | : | |
| v. | : | |
| | : | Civil Action |
| NEW JERSEY ATTORNEY GENERAL, et. | : | |
| als. | : | |
| | : | Motion Return Date: October 20, 2025 |
| | : | |
| | : | Oral Argument Requested |
| _____ | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EDWARD C.
BERTUCCIO, AND KALAVRUZOS, MUMOLA, HARTMAN, LENTO & DUFF, LLC'S
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Christopher S. Tretola, Esq., Of Counsel
Bar Id: 033471998 (State), CT4217 (Federal)
HARTMAN DUFF, LLC
3500 Quakerbridge Road, Suite 202
Hamilton, NJ 08619
P:  609-586-9000 x110
F:  609-586-9404
ctretola@hartmanduff.com
Attorneys for Defendants Edward C. Bertuccio,
Kalavruzos, Mumola, Hartman, Lento & Duff, LLC

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................4

PRELIMINARY STATEMENT ...........................................................................................8

PROCEDURAL HISTORY..................................................................................................9

POINT I ..............................................................................................................................11

   SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANTS KMHL&D
   AND BERTUCCIO AND WAS IMPROPER........................................................11

POINT II .............................................................................................................................12

   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO
   COMPLY WITH FED. R. CIV. P. 8(a)...............................................................12

POINT III ............................................................................................................................14

   PLAINTIFF'S § 1983 CLAIMS AS AGAINST DEFENDANTS BERTUCCIO AND
   KMHL&D ARE TIME BARRED AS A MATTER OF LAW BY THE APPLICABLE
   TWO (2) YEAR STATUTE OF LIMITATIONS.................................................14

POINT IV ............................................................................................................................15

   PLAINTIFF'S § 1983 CLAIMS AS AGAINST KMHL&D MUST BE DISMISSED AS
   THERE IS NO RESPONDEAT SUPERIOR LIABILITY UNDER § 1983 .....................15

POINT V ..............................................................................................................................15

   AS PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A VIABLE CLAIM
   FOR RELIEF, IT IS ALSO SUBJECT TO DISMISSAL UNDER RULE 12(b)(6) .........15

   A.   PLAINTIFF'S "LEGAL BASIS OF CHILD ABUSE" SECTION MUST BE
   DISMISSED AS TO BERTUCCIO AND KMHL&D BECAUSE IT FAILS TO STATE
   A COGNIZABLE CLAIM UNDER NEW JERSEY LAW.................................................16

   B.   PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A CONSPIRACY UNDER 42
   U.S.C. §§ 1983 OR 1985(3) IN COUNT I OF THE SAC ........................................18

   C.   PLAINTIFF FAILS TO PLAUSIBLY PLEAD MALICIOUS PROSECUTION
   UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT II OF
   THE SAC..........................................................................................................................19

   D.   PLAINTIFF FAILS TO STATE A CLAIM FOR FOURTH AMENDMENT
   VIOLATIONS UNDER 42 U.S.C. § 1983 IN COUNT III OF THE SAC.........................21

   E.   PLAINTIFF FAILS TO STATE A CLAIM FOR SUPERVISOR LIABILITY OR
   FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND
   KMH&D IN COUNT IV OF THE SAC..........................................................................22

F.    PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS AGAINST BERTUCCIO AND KMHL&D UNDER 42 U.S.C. § 1983 IN COUNT V OF THE SAC .......23

G.    PLAINTIFF FAILS TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT VI OF THE SAC.............................................................................................24

H.    PLAINTIFF FAILS TO STATE A MONELL CLAIM UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT VII of the SAC...........................26

I.    PLAINTIFF FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION UNDER NEW JERSEY COMMON LAW AGAINST BERTUCCIO AND KMHL&D IN COUNT VIII OF THE SAC. .................................................................................................27

J.    PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY UNDER NEW JERSEY COMMON LAW AGSINST BERTUCCIO AND KMHL&D................28

K.    PLAINTIFF'S FACIAL AND AS-APPLIED CONSTITUTIONAL CHALLENGE TO THE "NOT ESTABLISHED" FINDING FAILS AS TO BERTUCCIO AND KMHL&D ...........................................................................................................................29

L.    PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW JERSEY LAW IN COUNT XI OF THE SAC ..............................................................................................................................30

M.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT AGAIT BERTUCCIO AND KMHL&D IN COUNT XII OF THE SAC ............................................................................................................................................ ................................................................. 32

N.    PLAINTIFF FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE UNDER NEW JERSEY LAW AGAINST BERTUCCIO AND KMHL&D IN COUNT XII OF THE SAC. ..................................................................................................................33

CONCLUSION ..................................................................................................................34

## TABLE OF AUTHORITIES

CASES

Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990)--------------------------------------26

Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268 (3d Cir. 1999) --------------------------- 19, 32

Ashcroft v. Iqbal, 556 U.S. 662 (2009)-----------------------------------------------------16, 17, 23

Banco Popular N. Am. v. Gandi, 184 N.J. 161 (2005) ------------------------------------------ 28, 29

Baraka v. McGreevey, 481 F.3d 187 (3d Cir. 2007)-----------------------------------------------16

Bartol v. Barrowclough, 251 F. Supp. 3d 855 (E.D. Pa. 2017) ---------------------------------13

Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192

    (1997) -------------------------------------------------------------------------------------14

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)------------------------------------------ 12, 16

Briscoe v. LaHue, 460 U.S. 325 (1983) -------------------------------------------------------27

Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355 (1988)--------------------------------------31

Capogrosso v. Supreme Court of N.J., 588 F.3d 180 (3d Cir. 2009) ------------------------------18

Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23 (3d Cir.1989) ------------------------------14

Connelly v. Lane Constr. Corp., 809 F.3d 780 (3d Cir. 2016) ----------------------------------16

DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005) ------------------------------ 20, 21

Farber v. City of Paterson, 440 F.3d 131 (3d Cir. 2006)----------------------------------- 18, 19

Froom v. Perel, 377 N.J. Super. 298 (App. Div. 2005)-----------------------------------------34

G.A.-H. v. K.G.G., 238 N.J. 401 (2019) ---------------------------------------------------17

Galicki v. New Jersey, No. 14-169 (JLL) (D.N.J. June 29, 2015) ------------------------------13

Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45 (1st Cir. 2009) --------------------------12

Gautam v. De Luca, 215 N.J. Super. 388 -------------------------------------------------33

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010)----- passim

Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014)-------------------------------------------- 19, 20

Hynson v. City of Chester Legal Dep't, 864 F.2d 1026 (3d Cir. 1988) ---------------------------- 13

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410 (3d Cir. 1997)---------------------------- 16

Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289 (D.N.J. 2012)------------------------------------ 33

J.C. v. State of New Jersey, Dep't of Children & Families, 250 N.J. 184 (2022) ------------------ 17

James v. City of Wilkes-Barre, 700 F.3d 675 (3d Cir. 2012)------------------------------------------ 21

Jennings v. Shuman, 567 F.2d 1213 (3d Cir. 1977) ----------------------------------------------- 23, 24

Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250 (3d Cir. 1994)---------------------- 26

Kossler v. Crisanti, 564 F.3d 181 (3d Cir. 2009)------------------------------------------------------- 19

Leang v. Jersey City Bd. of Educ., 198 N.J. 557 (2009) ---------------------------------------------- 31

LoBiondo v. Schwartz, 199 N.J. 62 (2009) ---------------------------------------------------------- 27, 28

McArdle v. Tronetti, 961 F.2d 1083 (3d Cir. 1992) --------------------------------------------------- 24

McGrogan v. Till, 167 N.J. 414, 425 (2001)------------------------------------------------------------ 33

McTernan v. City of York, 564 F.3d 636 (3d Cir. 2009) ---------------------------------------------- 26

Mettle v. First Union Nat 'I Bank, 279 F. Supp. 2d 598 (D.N.J. 2003) ----------------------------- 11

Monell v. Department of Social Services, 436 U.S. 658 (1978) -------------------------------------- 26

Montgomery v. De Simone, 159 F.3d 120 (3d Cir. 1998) -------------------------------------------- 14

Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super. 337 (App. Div. 1993) -----28

Nash v. State, No. 22-1804 (EP) (JBC) (D.N.J. Sept. 8, 2022) ------------------------------------- 13

Nelson v. Dauphin Cnty. Pub. Def., 381 F. App'x 127 (3d Cir. 2010) ----------------------------- 15

Peabody v. Griggs, No. 08-243-ME, 2009 WL 3200686  (D.R.I. Oct. 6, 2009)-------------------- 12

Peterson v. Ballard, 292 N.J. Super. 575 (App. Div. 1996)------------------------------------------- 31

Phillips v. Cty. of Allegheny, 515 F.3d 224 (3d Cir. 2008) ------------------------------------------ 16

Polk County v. Dodson, 454 U.S. 312 (1981) ---------------------------------------------------- passim

Port Auth. v. Arcadian Corp., 189 F.3d 305 (3d Cir. 1999) ----------------------------------------- 16

Rawlings v. Ray, 312 U.S. 96 (1941)-------------------------------------------------------------------- 14

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988)-------------------------------------------------22

Rose v. Bartle, 871 F.2d 331 (3d Cir. 1989)------------------------------------------------ 23, 24

Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (2d Cir. 2008) ---------------------------------11

Santiago v. Warminster Twp., 629 F.3d 121 (3d Cir. 2010)-------------------------------------------25

Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000)----------------------------------------------------16

Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002) ------------------------------------------------22

Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) -------------------------------------------------20

Thomas v. Independence Twp., 463 F.3d 285 (3d Cir. 2006)------------------------------------------25

Trafton v. City of Woodbury, 799 F. Supp. 2d 417 (D.N.J. 2011) ---------------------------------32

Umbenhauer v. Woog, 969 F.2d 25 (3d. Cir. 1992) ------------------------------------------------12

United States v. Salerno, 481 U.S. 739 (1987) ----------------------------------------------------30

Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018) ---------------------------------13

Wallace v. Kato, 549 U.S. 384 (2007)------------------------------------------------------------14

Watson v. Rozum, 834 F.3d 417 (3d Cir. 2016) --------------------------------------------------25

Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015)------------------13

West v. Atkins, 487 U.S. 42 (1988)--------------------------------------------------------------30

Ziegelheim v. Apollo, 128 N.J. 250 (1992)-------------------------------------------------------33

## STATUTES

N.J.S.A. 10:6-2 --------------------------------------------------------------------------------31

N.J.S.A. 10:6-2(c) -----------------------------------------------------------------------------31

N.J.S.A. 2A:14-2 -------------------------------------------------------------------------------13

N.J.S.A. 9:6-8.10 ------------------------------------------------------------------------------16

N.J.S.A. 9:6-8.13 ------------------------------------------------------------------------------16

## RULES

Fed. R. Civ. P. 12(b)(6)------------------------------------------------------------------------7, 14

Fed.R.Civ.P. 4(e)(1)---------------------------------------------------------------------------10

Fed.R.Civ.P. 4(h) -----------------------------------------------------------------------------10

Federal Rule of Civil Procedure 8(a)(2)------------------------------------------------------11

Local Civil Rule 7.1(d)(5)----------------------------------------------------------------------8

## T<span style="font-size:smaller">REATISES</span>

Wright & Miller, Federal Practice and Procedure § 1217 ---------------------------------11

**PRELIMINARY STATEMENT**

Defendants Edward C. Bertuccio ("Bertuccio") and Kalavruzos, Mumola, Hartman, Lento & Duff, LLC ("KMHL&D"), respectfully submit this brief in support of their motion to dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Randy C. Thompson ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). From the outset of this litigation, Plaintiff has engaged in a pattern of delay, missed deadlines, and repeated attempts to avoid rulings on the merits. He first sought leave to amend in June 2024—after the initial motions to dismiss were fully briefed and pending—which the Court granted over Defendants' objection, thereby mooting those motions. The same sequence has now repeated. After forcing Defendants to again brief motions to dismiss the Amended Complaint, Plaintiff waited until May 27, 2025—well after the second set of motions was fully briefed and awaiting decision—to request further leave to amend, followed by a formal motion filed on August 18, 2025 (ECF 149).

On August 22, 2025, the Court granted Plaintiff's request (ECF 151), accepted the SAC as the operative pleading, and terminated the pending dispositive motions. In doing so, the Court required Defendants to once again address threshold deficiencies in Plaintiff's claims. Twice now, Plaintiff has sidestepped adjudication of fully briefed motions by seeking amendment at the eleventh hour, imposing unnecessary prejudice on Defendants and undermining judicial efficiency.

Even after two amendments, Plaintiff's SAC contains no legally cognizable claims against Bertuccio and KMHL&D. The Second Amended Complaint simply repackages conclusory allegations and adds new theories that are legally baseless. For the reasons set forth below, the SAC still fails to state a claim upon which relief can be granted, and it should be dismissed with prejudice under Rule 12(b)(6).

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on September 18, 2023 (ECF 1). Defendants began filing motions to dismiss in December 2023, with Bertuccio and KMHL&D filing their initial motion on December 13, 2023 (ECF 13). Plaintiff immediately sought more time, filing his first extension requests on December 14, 2023 (ECF 16) and December 18, 2023 (ECF 17). On December 18, 2023 (ECF 18), the Court, recognizing Plaintiff's pro se status, entered a Text Order construing his request as one for a Clerk's Extension under Local Civil Rule 7.1(d)(5) and granted it, setting a new opposition deadline of January 22, 2024, with replies due January 29, 2024.

On January 14, 2024 (ECF 25), Plaintiff filed a letter seeking a 90-day extension to respond, followed by another request on January 16, 2024 (ECF 26). On January 17, 2024 (ECF 28), he again requested an extension. That same day, the Court entered a Letter Order (ECF 29) granting in part and denying in part Plaintiff's request. The Court administratively terminated the pending motions to dismiss (ECF 5, 13, 19, 21) and re-opened them with a new return date of April 1, 2024, requiring oppositions by March 18, 2024 and replies by March 25, 2024.

Plaintiff filed his opposition briefs late on March 25, 2024 (ECF 43–46). Defendants replied on April 1, 2024 (ECF 53), rendering the first round of motions fully briefed. On June 12, 2024, Plaintiff sought leave to amend (ECF 64–65). Defendants opposed (ECF 66–68), noting that the motions were already fully briefed. On July 2, 2024 (ECF 72), the Court granted leave over Defendants' objection, thereby rendering the initial motions moot, and directed Plaintiff to file an Amended Complaint by August 2, 2024.

Plaintiff missed the deadline, filing the Amended Complaint late on August 9, 2024 (ECF 77–78). Defendants filed a second round of motions to dismiss (ECF 84, 85, 90, 91, 92, 96). On September 25, 2024 (ECF 97), Plaintiff requested a 45-day extension of time to respond. On September 27, 2024 (ECF 98), the Court granted the request, extending his opposition deadline to

November 7, 2024. Plaintiff then sought further extensions in November 2024 (ECF 110–111). Defendants opposed by letter on November 25, 2024 (ECF 107).

On January 10, 2025 (ECF 121), the Court imposed a firm schedule requiring Plaintiff to file opposition briefs by February 4, 2025 and Defendants to reply by February 11, 2025. Plaintiff complied, and Defendants timely filed replies, rendering the second round of motions fully briefed.

On May 27, 2025 (ECF 144), Plaintiff requested leave by letter to file a Second Amended Complaint. Defendants opposed: Perrone's counsel on June 4, 2025 (ECF 145), and Bertuccio and KMHL&D's counsel on June 5, 2025 (ECF 146). When the Court did not act, Plaintiff filed a formal motion to amend on August 18, 2025 (ECF 149). Thus, for the second time, Plaintiff seeks to amend only after dispositive motions have been fully briefed and are awaiting adjudication.

On August 19, 2025, the Court set deadlines for Plaintiff's motion to amend, scheduling it for September 15, 2025 before Magistrate Judge Pascal. On August 22, 2025, the Court granted Plaintiff's motion to amend (ECF 149) before receiving and considering opposition to that motion, accepted the proposed Second Amended Complaint (ECF 149-2) as the operative pleading, and imposed strict deadlines for responses. In doing so, the Court also administratively terminated the then-pending motions to dismiss (ECF 129, 132, 135, 138).

## POINT I

**SERVICE OF THE SUMMONS AND COMPLAINT ON DEFENDANTS KMHL&D AND
BERTUCCIO AND WAS IMPROPER.**

Plaintiff did not affect proper service upon Defendant Bertuccio and KMHL&D.  Federal
Rule of Civil Procedure 4(h), <u>Serving a Corporation, Partnership, or Association</u>, provides that a
domestic or foreign corporation, or a partnership or other unincorporated association that is subject
to suit under a common name, must be served "(A) in the manner prescribed by Rule 4(e)(1) for
serving an individual; or (B) *by delivering a copy of the summons and of the complaint to an*
*officer. a managing or general agent, or any other agent authorized by appointment or by law to*
*receive service of process ... "* (emphasis supplied).

The rule clearly requires personal delivery of a copy of the summons and complaint to an 'officer,
a managing or general agent, or to any other agent authorized by appointment or by law to receive
service of process ... ' of a defendant corporation." <u>Mettle v. First Union Nat 'l Bank</u>, 279 F. Supp.
2d 598, 602 (D.N.J. 2003) (quoting Fed.R.Civ.P. 4(h)(1)).  KMHL&D was not served in this
manner. As evidenced by the return of service [DCK #43, Page 12 of 13], service was made upon
Anna Microutsicos.  Ms. Microutsicos is not an officer nor a managing or general agent of
KMHL&D.   Consequently, service was not executed upon KMHL&D.

With respect to the purported service upon Defendant Bertuccio, Fed. R. Civ. P. § 4(e)(1),
<u>Serving an Individual Within a Judicial District of the United States,</u> provides that an individual
must be served in a judicial district of the United States by: "(1) following state law for serving a
summons in an action brought in courts of general jurisdiction in the state where the district court
is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the
summons and of the complaint to the individual personally; (B) leaving a copy of each at the
individual's dwelling or usual place of abode with someone of suitable age and discretion who

resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  As evidenced by the Return of Service [DCK #43, Page 11 of 13], Bertuccio was not served in this manner.  Rather, the process server left the summons and complaint at the front desk at Mr. Betuccio's law office.  Consequently, service was not executed upon Bertuccio.

It is well settled that district courts have discretion to dismiss a complaint where a plaintiff has failed to properly effect service on a defendant. Umbenhauer v. Woog, 969 F.2d 25, 30 (3d. Cir. 1992).  Accordingly, it is respectfully requested that Plaintiff's Amended Complaint be dismissed due to Plaintiff's failure to effectuate service of process upon KMHL&D and Bertuccio.

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8(a)

Federal Rule of Civil Procedure 8(a)(2) requires any pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This provision gives a defendant fair notice of what the claim is and the grounds upon which it rests and ensures defendants have a meaningful opportunity to mount a defense. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Rule 8 reflects an emphasis on clarity and brevity in federal pleading, which courts enforce when a pleading plainly is not sufficiently "clear" or "brief." Peabody v. Griggs, No. 08-243-ME, 2009 WL 3200686, at 2 (D.R.I. Oct. 6, 2009) (quoting Wright & Miller, Federal Practice and Procedure § 1217). The Second Circuit has similarly noted that unnecessary length "places an unjustified burden on the court and on the party who must respond to it." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (2d Cir. 2008).

Plaintiff's SAC exemplifies the kind of "shotgun pleading" that violates Rule 8(a). The Third Circuit has criticized "the all too common shotgun pleading approach" to complaints, which

conflicts with Rule 8(a)(2)'s mandate for a short and plain statement. Hynson v. City of Chester Legal Dep't, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988); Bartol v. Barrowclough, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). Courts have recognized several categories of shotgun pleadings, including complaints that adopt all preceding allegations in each count, are replete with conclusory and immaterial facts not obviously connected to any particular cause of action, and assert claims against multiple defendants without specifying which of them are responsible for which acts or omissions. Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320–23 (11th Cir. 2015); Bartol, 251 F. Supp. 3d at 859. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another … to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies. Nash v. State, No. 22-1804 (EP) (JBC), at 3 (D.N.J. Sept. 8, 2022) (citing Weiland, 792 F.3d at 1323). "They waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on … court dockets, and undermine the public's respect for the courts." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up). Courts routinely dismiss such pleadings without prejudice. Galicki v. New Jersey, No. 14-169 (JLL), at 4 (D.N.J. June 29, 2015).

The SAC fails to provide a clear and concise statement of the events supporting any claim against Bertuccio and KMHL&D. It repeatedly incorporates all preceding paragraphs into each count, names dozens of defendants in each count without distinguishing their conduct, and blends multiple legal theories and factual scenarios under single counts rather than providing a short and plain statement of each claim. The "Legal Basis of Child Abuse" section preceding Count I further illustrates this problem. Although not pled as a count, it names specific defendants and sets out substantive allegations as though it were one, compounding the lack of clarity and prejudicing Defendants.

This "shotgun" approach leaves Defendants without clear notice of which allegations support which claims and violates Rule 8(a)(2)'s emphasis on clarity and brevity. Because Plaintiff had an opportunity to correct these deficiencies in prior amendments but failed to do so, any further amendment would be futile. Accordingly, the SAC should be dismissed under Rule 8(a)(2).

## POINT III

### PLAINTIFF'S § 1983 CLAIMS AS AGAINST DEFENDANTS BERTUCCIO AND KMHL&D ARE TIME BARRED AS A MATTER OF LAW BY THE APPLICABLE TWO (2) YEAR STATUTE OF LIMITATIONS

The length of the statute of limitations for actions brought under Section 1983 "is that which the State provides for personal-injury torts." Wallace v. Kato, 549 U.S. 384, 387 (2007). The Third Circuit has held that "New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to a civil rights claim under § 1983." Montgomery v. De Simone, 159 F.3d 120, 126 n. 4 (3d Cir. 1998) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir.1989)). While the applicable statute of limitations is determined by reference to state law, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." Wallace, 549 U.S. at 388 (emphasis in original). "[T]he standard rule [is] that the limitations period commences when the plaintiff has `a complete and present cause of action.'" Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997) (quoting Rawlings v. Ray, 312 U.S. 96, 98 (1941)).

Here, Plaintiff's claims are precluded by the relevant two-year statute of limitations. This is because Defendants Bertuccio and KMHL&D concluded their representation of the Plaintiff on January 7, 2021, when the Superior Court of New Jersey, Monmouth County, relieved them of their duties as his counsel. [See copy of Order attached to the Certification of Christopher S. Tretola, Esq. as Exhibit B]. Even if it is presumed for the purposes of this motion that Plaintiff's allegations constitute an actionable § 1983 claim, which is denied, the conduct complained of would have necessarily taken place before January 7, 2021, when Defendants Bertuccio and

KMHL&D were relieved of their duties as Plaintiff's counsel. Consequently, the filing deadline for Plaintiff's § 1983 claims against Defendants Bertuccio and KMHL&D expired, at best, on January 7, 2023.  As Plaintiff's original complaint was filed on September 18, 2023, more than eight (8) months after the statute of limitations expired, Plaintiff's § 1983 claims against Defendants Bertuccio and KMHL&D are barred by the statute of limitations and should be dismissed with prejudice.

## POINT IV

### PLAINTIFF'S § 1983 CLAIMS AS AGAINST KMHL&D MUST BE DISMISSED AS THERE IS NO RESPONDEAT SUPERIOR LIABILITY UNDER § 1983

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983" Nelson v. Dauphin Cnty. Pub. Def., 381 F. App'x 127, 128 (3d Cir. 2010) (dismissing § 1983 claim against Public Defender's Office) (citation omitted).  Assuming for the purposes of this motion that Mr. Bertuccio's violated Plaintiff's constitutional rights, KMHL&D cannot be held vicariously liable therefor as there is no respondeat superior liability under 42 U.S.C. § 1983.  Accordingly, Plaintiff's § 1983 claims must be dismissed as to Defendant KMHL&D with prejudice.

## POINT V

### AS PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A VIABLE CLAIM FOR RELIEF, IT IS ALSO SUBJECT TO DISMISSAL UNDER RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Although the plausibility standard does not impose a probability requirement, it demands "more than a sheer possibility that a defendant has acted unlawfully." Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (quoting Iqbal, 556 U.S. at 678). Thus, a plaintiff must allege sufficient facts "to raise a reasonable expectation that discovery will uncover proof of [his or] her claims." Id. at 789.

When evaluating a complaint under Rule 12(b)(6), the court must accept well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). However, the court "is not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Rule 12(b)(6) allows the courts to dismiss claims that plainly lack any legal or factual basis. Port Auth. v. Arcadian Corp., 189 F.3d 305, 311–12 (3d Cir. 1999). A court may dismiss a claim with prejudice if amendment would be futile — i.e., if the complaint, as amended, would still fail to state a claim upon which relief could be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

For all the reasons explained below, Plaintiff's Second Amended Complaint ("SAC") should be dismissed with prejudice pursuant to Rule 12(b)(6).

### A. PLAINTIFF'S "LEGAL BASIS OF CHILD ABUSE" SECTION MUST BE DISMISSED AS TO BERTUCCIO AND KMHL&D BECAUSE IT FAILS TO STATE A COGNIZABLE CLAIM UNDER NEW JERSEY LAW.

The SAC includes, before Count I, a section entitled "LEGAL BASIS OF CHILD ABUSE." In this section, Plaintiff asserts that Defendants, including Bertuccio and KMHL&D, allegedly contributed to or failed to prevent the abuse of S.T. and violated a so-called "Mandatory

Reporter Law" by not reporting suspected abuse. Although not pled as a formal count, the section identifies named defendants and sets out substantive allegations as though it were an independent cause of action. This section must be dismissed because it does not state a cognizable claim under New Jersey law.

New Jersey's mandatory reporter obligations arise under N.J.S.A. 9:6-8.10, which requires that "[a]ny person having reasonable cause to believe that a child has been subjected to child abuse" must report to the Division of Child Protection and Permanency. However, this statute provides solely for criminal or administrative enforcement by the State and contains no express or implied private right of action for damages. See, e.g., J.C. v. State of New Jersey, Dep't of Children & Families, 250 N.J. 184, 200–01 (2022) (noting the statute is enforced administratively).

While N.J.S.A. 9:6-8.13 grants immunity to reporters and authorizes a private cause of action, that remedy is limited to retaliation claims in the workplace, not for failure to report abuse. Thus, Plaintiff cannot base a civil claim on an alleged violation of the reporting statute. *Cf.* G.A.-H. v. K.G.G., 238 N.J. 401, 412 (2019) (limiting scope of statutory remedies).

Even if such a cause of action existed, the SAC contains no allegations that Bertuccio had direct knowledge of abuse, nor any facts showing that defense counsel in a criminal proceeding has an independent duty to act as a "mandatory reporter." Without factual allegations establishing a duty or breach, Plaintiff fails to state a plausible claim for relief. Iqbal, 556 U.S. at 678.

Moreover, the "Legal Basis of Child Abuse" section is pled as a narrative heading rather than an actionable count. It is unsupported by factual allegations or legal authority and therefore cannot serve as the basis for liability. Because Plaintiff drafted this section as though it were a separate claim but did not plead it as one, Defendants are left without clear notice of the conduct

at issue. This ambiguity violates Rule 8's requirement of a "short and plain statement" of each claim and underscores the lack of a legally cognizable theory.

Because Plaintiff has already amended his complaint and still failed to assert a viable claim, any further amendment would be futile. Accordingly, to the extent the SAC's "Legal Basis of Child Abuse" section purports to assert a separate cause of action against Bertuccio or KMHL&D, the Court should dismiss that claim under Rule 12(b)(6) for failure to state a claim.

## B. PLAINTIFF FAILS TO PLAUSIBLY ALLEGE A CONSPIRACY UNDER 42 U.S.C. §§ 1983 OR 1985(3) IN COUNT I OF THE SAC

Count I of the Second Amended Complaint ("SAC") alleges that Bertuccio and KMHL&D "participated in a conspiracy" with prosecutors and law enforcement to secure Plaintiff's indictment and prosecution in violation of 42 U.S.C. §§ 1983 and 1985(3). This claim is legally deficient.

To state a § 1983 conspiracy claim, a plaintiff must allege: (1) an agreement between private parties and state actors to deprive him of a constitutional right; and (2) an actual deprivation of that right under color of state law. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). Similarly, to state a claim under § 1985(3), he must show: (1) a conspiracy motivated by a class-based, discriminatory animus; (2) an agreement to deprive the plaintiff of equal protection or equal privileges; (3) an overt act in furtherance of the conspiracy; and (4) injury. Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).

The SAC fails at the threshold. Plaintiff offers only conclusory assertions that Bertuccio acted "hand-in-glove" with prosecutors or "went along" with their decisions. Such labels are insufficient to plead an agreement or meeting of the minds. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) ("conclusory allegations of concerted action without facts actually reflecting joint action are insufficient").

Nor does the SAC allege any overt act by Bertuccio or KMHL&D furthering a conspiracy. The decisions Plaintiff challenges—such as not invalidating indictments or failing to present exculpatory materials—are professional representation choices, not conspiratorial conduct. Courts in this Circuit have consistently held that defense counsel's decisions in representing a client do not transform them into "state actors." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

As to § 1985(3), the SAC is entirely devoid of allegations of class-based, invidious discriminatory animus, which is an indispensable element. Farber, 440 F.3d at 135. Plaintiff instead alleges a personal grievance regarding his prosecution, which cannot sustain a § 1985(3) conspiracy claim.

For these reasons, Count I of the SAC is conclusory, legally deficient, and futile. Accordingly, the Court should dismiss Plaintiff's §§ 1983 and 1985(3) conspiracy claims against Bertuccio and KMHL&D under Rule 12(b)(6) for failure to state a claim.

## C. PLAINTIFF FAILS TO PLAUSIBLY PLEAD MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT II OF THE SAC

Count II of the SAC asserts a claim for malicious prosecution under 42 U.S.C. § 1983. To state such a claim, a plaintiff must plausibly allege: (1) the defendant initiated a criminal proceeding; (2) the proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with a Fourth Amendment seizure. Halsey v. Pfeiffer, 750 F.3d 273, 296–97 (3d Cir. 2014); Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

Plaintiff cannot meet this standard as to Bertuccio or KMHL&D. They were defense counsel, not prosecutors, and thus did not "initiate" the criminal proceeding. Courts within the Third Circuit have consistently held that private defense attorneys, even court-appointed ones,

cannot be liable for malicious prosecution because they do not commence or control the prosecution. See <u>Steward v. Meeker</u>, 459 F.2d 669, 670 (3d Cir. 1972) (privately retained attorney, though an officer of the court, acts as a private person and not under color of state law for § 1983 purposes).

The SAC attempts to reframe this theory by alleging that Bertuccio mischaracterized defective indictments as valid "true bills" and thus "furthered" the prosecution. But even accepting these allegations as true, they do not amount to the initiation of charges. At most, Plaintiff contends that Bertuccio failed to challenge the validity of indictments in his role as defense counsel. Such omissions cannot be transmuted into "initiation" of proceedings by an adversary of the State. See <u>Halsey</u>, 750 F.3d at 297 (malicious prosecution focuses on those who affirmatively instigate proceedings).

Further, Plaintiff's conclusory allegations of conspiracy do not alter the analysis. Courts require "factual allegations plausibly suggesting a meeting of the minds." <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 178 (3d Cir. 2010). Plaintiff offers no non-conclusory facts showing that Bertuccio or KMHL&D entered into any agreement with prosecutors to maliciously pursue charges. Assertions that defense counsel was "hand-in-glove" with the prosecution are precisely the type of conclusory allegations rejected in Iqbal and Twombly.

Finally, the SAC does not plausibly allege a deprivation of liberty consistent with a Fourth Amendment seizure. Plaintiff concedes he was released pending trial and was not detained. Pretrial release obligations—such as attending court appearances—do not, without more, constitute the type of liberty restraint necessary for malicious prosecution. See <u>DiBella v. Borough of Beachwood</u>, 407 F.3d 599, 603 (3d Cir. 2005) (attendance at trial is not a Fourth Amendment seizure).

Accordingly, Count II of the SAC fails as a matter of law, and dismissal under Rule 12(b)(6) is warranted.

### D. PLAINTIFF FAILS TO STATE A CLAIM FOR FOURTH AMENDMENT VIOLATIONS UNDER 42 U.S.C. § 1983 IN COUNT III OF THE SAC

Count III of the Second Amended Complaint ("SAC") purports to allege violations of the Fourth Amendment under 42 U.S.C. § 1983 based on an alleged "unlawful continuing seizure" and "false imprisonment." To state a Fourth Amendment claim for false arrest or unlawful seizure, a plaintiff must plausibly allege: (1) that he was seized; and (2) that the seizure was unreasonable because it was not supported by probable cause. James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). For false imprisonment, a plaintiff must show detention without legal process. Wallace v. Kato, 549 U.S. 384, 389 (2007).

Here, the SAC alleges that Plaintiff "suffered several unlawful seizures, arrests and deprivations of liberty without probable cause" and that although released, he remained subject to pretrial conditions that required repeated court appearances spanning four years. (SAC ¶ 106). These allegations fail for several reasons.

First, Plaintiff concedes that he was not detained while charges were pending. He was released and remained at liberty throughout the pendency of his case. Under controlling precedent, pretrial obligations such as attending court dates do not rise to the level of a Fourth Amendment "seizure." DiBella, 407 F.3d at 603 (holding that being required to attend trial while on bail is not a seizure under the Fourth Amendment).

Second, the SAC contains no non-conclusory allegations that Bertuccio or KMHL&D personally caused any arrest, seizure, or deprivation of liberty. Defense counsel cannot be liable under § 1983 for the State's decisions to prosecute or impose conditions of release. See Polk County, 454 U.S. at 325 (defense attorneys, whether public or private, do not act under color of state law when performing traditional functions as counsel to a defendant).

Third, the SAC does not plausibly allege that Bertuccio or the firm acted in concert with state actors to effectuate an unlawful seizure. As with Plaintiff's other conspiracy theories, his allegations are conclusory and unsupported by facts showing a "meeting of the minds." Great W. Mining & Mineral Co., 615 F.3d at 178.

In short, Plaintiff's generalized assertions that he "suffered unlawful seizures" are insufficient to state a plausible Fourth Amendment claim against Bertuccio or KMHL&D. The claim is not only inadequately pled but legally barred under well-settled precedent. Accordingly, Count III of the SAC fails as a matter of law and should be dismissed under Rule 12(b)(6).

## E. PLAINTIFF FAILS TO STATE A CLAIM FOR SUPERVISOR LIABILITY OR FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMH&D IN COUNT IV OF THE SAC

Count IV of the Second Amended Complaint ("SAC") purports to assert a § 1983 claim for "supervisor liability / failure to intervene" against Bertuccio and KMHL&D. Plaintiff alleges that these Defendants had a duty to supervise others involved in his criminal case and to intervene to prevent constitutional violations. This claim fails as a matter of law.

First, supervisory liability under § 1983 requires personal involvement by a state actor. The Third Circuit has held that a plaintiff must allege either: (1) the supervisor's personal participation in the constitutional violation, or (2) actual knowledge and acquiescence in a subordinate's unconstitutional conduct. Allegations of participation or actual knowledge and acquiescence must be made with appropriate particularity. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Bertuccio and KMHL&D were private defense counsel, not state officials supervising subordinate government actors. Thus, the theory of "supervisor liability" is categorically inapplicable.

Second, failure-to-intervene liability applies only to state actors who have a realistic opportunity to prevent another constitutional violation. See Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002). Private defense counsel cannot be held liable for failing to "intervene" in prosecutorial or judicial conduct; they have no legal authority or physical ability to control such actors.

Third, the SAC pleads no factual basis for this claim. Plaintiff asserts only that Defendants "should have" stopped the alleged misconduct of prosecutors and investigators. Such vague and conclusory allegations are insufficient to state a plausible claim under Rule 12(b)(6). See Iqbal, 556 U.S. at 678.

Accordingly, Count IV of the SAC fails as against Bertuccio and KMHL&D because (1) they were not state actors subject to supervisory liability; (2) they had no duty or ability to intervene in prosecutorial or law enforcement conduct; and (3) the allegations are wholly conclusory. Dismissal under Rule 12(b)(6) is therefore warranted.

## F.  PLAINTIFF FAILS TO STATE A CLAIM FOR ABUSE OF PROCESS AGAINST BERTUCCIO AND KMHL&D UNDER 42 U.S.C. § 1983 IN COUNT V OF THE SAC

Count V of the SAC purports to assert a claim for abuse of process under 42 U.S.C. § 1983. Plaintiff alleges that Defendants, including Bertuccio and KMHL&D, misused judicial proceedings to his detriment by joining in a scheme to continue his criminal prosecution without probable cause and to subject him to repeated court appearances. This claim fails as a matter of law.

First, abuse of process under § 1983 lies only where "prosecution is initiated legitimately and thereafter is used for a purpose other than that intended by the law." Rose v. Bartle, 871 F.2d 331, 350 n.17 (3d Cir. 1989) (citing Jennings v. Shuman, 567 F.2d 1213, 1217 (3d Cir. 1977)). It is not enough to allege that the process itself was initiated without cause; rather, there must be an improper perversion of process after issuance. See Jennings, 567 F.2d at 1217–18.

Second, defense counsel do not "use" legal process against their own clients. Process in a criminal case—whether indictments, warrants, or subpoenas—issues at the instance of prosecutors or the court, not defense attorneys. The SAC is devoid of any factual allegation that Bertuccio or KMHL&D themselves employed process against Plaintiff or manipulated process for an ulterior

purpose. The only "acts" alleged are routine defense representation, which cannot constitute abuse of process.

Third, the SAC provides no plausible factual allegations of an improper purpose. Third Circuit precedent holds that an abuse-of-process claim requires more than allegations that proceedings were merely wrongful or prolonged. Abuse of process must involve use of process for a collateral or improper purpose after its initiation or issuance. See Rose <u>871 F.2d at</u> 350 n.17; <u>Jennings v. Shuman</u>, 567 F.2d at 1217–18; <u>McArdle v. Tronetti</u>, 961 F.2d 1083, 1089–90 (3d Cir. 1992). Plaintiff here claims only that Defendants allowed his prosecution to continue, which, even if true, does not show use of process for an improper collateral end.

Fourth, to the extent Plaintiff contends that the continuation of his prosecution itself constitutes abuse of process, such allegations are subsumed under his malicious prosecution theory. Courts have consistently rejected attempts to recast malicious prosecution as abuse of process absent distinct factual allegations. See <u>McArdle</u> at 1089–90.

Accordingly, Count V of the SAC fails because (1) Bertuccio and KMHL&D did not "use" process against Plaintiff; (2) no improper collateral purpose is alleged; and (3) the claim impermissibly duplicates his malicious prosecution theory. Dismissal under Rule 12(b)(6) is therefore warranted.

## G. PLAINTIFF FAILS TO STATE A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT VI OF THE SAC

Count VI of the SAC purports to assert a claim for First Amendment retaliation under 42 U.S.C. § 1983. Plaintiff alleges that various defendants retaliated against him for exercising his First Amendment rights. However, the SAC nowhere identifies Edward C. Bertuccio or KMHL&D as actors in this alleged retaliation. Their names do not appear in the factual allegations of this Count, nor are any specific retaliatory acts attributed to them.

Even if Bertuccio and KMHL&D had been named, the claim would still fail as a matter of law. To state a viable First Amendment retaliation claim under § 1983, a plaintiff must plausibly allege: (1) that he engaged in protected activity; (2) that the defendant took adverse action sufficient to deter a person of ordinary firmness from exercising his rights; and (3) a causal connection between the protected activity and the adverse action. Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

The SAC falls far short of these requirements. First, Plaintiff does not allege any constitutionally protected speech or activity directed at or opposed by Bertuccio or KMHL&D. Second, he does not identify any adverse action by them—much less one that would deter a reasonable person from exercising free speech. Third, there are no non-conclusory allegations of causation linking any conduct by these Defendants to Plaintiff's asserted exercise of rights.

Courts within this Circuit consistently dismiss retaliation claims where, as here, the plaintiff offers only broad and conclusory allegations without facts showing that the particular defendant engaged in retaliatory conduct. See Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (affirming dismissal where prisoner alleged retaliation but failed to connect it to specific actors). Likewise, private attorneys representing a client do not become state actors for purposes of § 1983 simply by participating in litigation. Polk County, 454 U.S. at 325.

Here, Plaintiff essentially lumps all "Defendants" together, without distinguishing which, if any, committed the alleged acts of retaliation. This type of collective pleading is insufficient under Rule 8(a) and fails to state a claim. See Santiago v. Warminster Twp., 629 F.3d 121, 131–32 (3d Cir. 2010) (rejecting § 1983 claims where plaintiff relied on group allegations without attributing conduct to specific defendants).

Accordingly, Count VI of the SAC is futile as against Bertuccio and KMHL&D. It fails both factually—because no conduct by these Defendants is pled—and legally—because private

defense counsel are not state actors capable of committing First Amendment retaliation under §
1983. Dismissal under Rule 12(b)(6) is therefore warranted.

### H. PLAINTIFF FAILS TO STATE A MONELL CLAIM UNDER 42 U.S.C. § 1983 AGAINST BERTUCCIO AND KMHL&D IN COUNT VII of the SAC

Count VII of the Second Amended Complaint ("SAC") purports to impose liability on
various municipal and institutional defendants under Monell v. Department of Social Services, 436
U.S. 658 (1978). Plaintiff alleges that these entities maintained unconstitutional customs or
policies that resulted in his prosecution and alleged injuries. This claim is categorically
inapplicable to Defendants Bertuccio and KMHL&D.

A Monell claim lies only against municipalities or local government units. Monell, 436
U.S. at 694 (holding that municipalities may be liable under § 1983 only where the constitutional
deprivation results from an official policy or custom). Private actors, including defense attorneys
and law firms, are not municipal entities and therefore cannot be held liable under Monell. *See*
Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994) (rejecting
attempt to impose municipal liability on private law firm under § 1983).

Even if Plaintiff attempted to argue that Bertuccio and KMHL&D somehow acted "under
color of state law," Monell liability would still fail because Plaintiff alleges no facts suggesting
the existence of a policy, practice, or custom attributable to these Defendants. The SAC merely
asserts broad and conclusory allegations that Defendants acted under a policy of abuse without
tethering those allegations to any facts, much less to a municipal policy. Such boilerplate recitals
are insufficient. *See* McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the
pleading standard, [a plaintiff] must identify a custom or policy and specify what exactly that
custom or policy was.").

Moreover, Monell liability cannot be premised on respondeat superior or vicarious
liability. Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). Plaintiff does not

(and cannot) allege that Bertuccio or KMHL&D had final policymaking authority for any governmental entity.

Accordingly, Count VII of the SAC is not only factually inapplicable but legally impossible to sustain against Bertuccio and KMHL&D. Allowing Plaintiff to replead this claim against them would be futile, and dismissal under Rule 12(b)(6) is warranted.

## I.    PLAINTIFF FAILS TO STATE A CLAIM FOR MALICIOUS PROSECUTION UNDER NEW JERSEY COMMON LAW AGAINST BERTUCCIO AND KMHL&D IN COUNT VIII OF THE SAC.

Count VIII of the Second Amended Complaint ("SAC") asserts a state-law malicious prosecution claim, contending that all Defendants, including Bertuccio and KMHL&D, wrongfully caused him to be prosecuted. This claim fails as a matter of law against Bertuccio and KMHL&D.

Under New Jersey law, to state a claim for malicious prosecution, a plaintiff must allege: (1) that the defendant initiated a criminal proceeding; (2) that the proceeding ended in the plaintiff's favor; (3) lack of probable cause; and (4) malice. LoBiondo v. Schwartz, 199 N.J. 62, 90 (2009). Plaintiff cannot satisfy the first element. Defense attorneys do not "initiate" criminal proceedings; prosecutors and grand juries do. See Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (defense counsel functions as adversary to the state, not initiator of prosecution). New Jersey courts consistently reject malicious prosecution claims against defense attorneys because their role is limited to representation of the accused, not the commencement of charges.

Even if Plaintiff could bypass this threshold defect, the SAC's allegations are purely conclusory. Plaintiff vaguely asserts that Bertuccio "went along" with prosecutors and failed to challenge the indictments, but he pleads no facts showing that Bertuccio instigated the prosecution or supplied false information to authorities. Without factual allegations of actual initiation or procurement of prosecution, the claim fails.

Further, Plaintiff admits the proceedings terminated in his favor with dismissal of the charges, but he alleges no facts establishing lack of probable cause. Probable cause existed where prosecutors presented evidence to a grand jury and obtained indictments. Defense counsel's failure to persuade prosecutors or courts of alleged "defects" in the indictment cannot be transmuted into malicious prosecution liability.

Finally, the malice element is unsupported. Allegations that Bertuccio failed to act as Plaintiff wished, or acted in concert with the State, are insufficient to establish actual ill will or improper purpose. See LoBiondo, 199 N.J. at 94 (malice requires proof of wrongful motive beyond mere negligence or poor judgment).

For all these reasons, Plaintiff's state-law malicious prosecution claim (Count VIII) is futile as against Bertuccio and KMHL&D, and dismissal under Rule 12(b)(6) is warranted.

## J.  PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY UNDER NEW JERSEY COMMON LAW AGSINST BERTUCCIO AND KMHL&D

Count IX of the SAC asserts a state-law civil conspiracy claim, alleging that Bertuccio and KMHL&D conspired with prosecutors, investigators, and other state actors to deprive him of his rights. This claim fails as a matter of law.

Under New Jersey law, "[a] civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005) (quoting Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993)). To plead conspiracy, a plaintiff must allege: (1) a combination of two or more persons; (2) a real agreement or meeting of the minds; (3) an unlawful objective; and (4) special damages. Id.

The SAC falls well short of these requirements. Plaintiff offers only conclusory assertions that Bertuccio went along with or was "hand-in-glove" with prosecutors, but pleads no actual facts

establishing an agreement or coordinated plan. Both the Third Circuit and New Jersey courts have made clear that vague, speculative allegations of collusion are insufficient to sustain a conspiracy claim. Great W. Mining & Mineral Co, 615 F.3d at 178 (parallel conduct or conclusory assertions of collusion inadequate under § 1983); Banco Popular, 184 N.J. at 178 (civil conspiracy requires facts showing a specific agreement to commit an unlawful act). Here, the SAC identifies no such facts, and thus fails to plead any meeting of the minds or concerted action involving Bertuccio or KMHL&D.

Moreover, as with Plaintiff's federal conspiracy theory, the claim fails because defense attorneys cannot be deemed state actors or conspirators with prosecutors simply by representing their client in criminal proceedings. The Supreme Court has squarely held that defense counsel "is not, and by the nature of his function cannot be, a state actor." Polk County, 454 U.S. at 318–19. Absent concrete allegations of fraud or collusion independent of representation, conspiracy claims against defense counsel are not viable.

Accordingly, Plaintiff's state-law conspiracy claim (Count IX) is legally deficient and futile as against Bertuccio and KMHL&D, and dismissal under Rule 12(b)(6) is warranted.

## K. PLAINTIFF'S FACIAL AND AS-APPLIED CONSTITUTIONAL CHALLENGE TO THE "NOT ESTABLISHED" FINDING FAILS AS TO BERTUCCIO AND KMHL&D

Count X of the Second Amended Complaint ("SAC") purports to mount a constitutional challenge to the New Jersey Department of Children and Families' ("DCF") "Not Established" finding issued in connection with child-abuse allegations involving S.T.. Plaintiff contends that the statutory and regulatory framework underlying the "Not Established" determination violates due process, both on its face and as applied to him. This claim fails outright as to Bertuccio and KMHL&D.

First, Plaintiff does not allege that Bertuccio or KMHL&D had any role in promulgating, enforcing, or applying the regulations governing child abuse findings. Civil rights claims under §

1983 must be directed at state actors who caused the alleged constitutional deprivation. <u>West v.</u> <u>Atkins</u>, 487 U.S. 42, 48 (1988). Defense counsel in a criminal proceeding does not fit this role. See Polk County, 454 U.S. at 325. Thus, even if Plaintiff could state a viable constitutional challenge to the "Not Established" regime, such a claim cannot be maintained against private defense attorneys.

Second, even if a constitutional claim could be advanced, Plaintiff lacks standing to assert a facial challenge because he alleges only an individualized injury stemming from his case, not that the statute is invalid in all applications. See <u>United States v. Salerno</u>, 481 U.S. 739, 745 (1987) (facial challenge requires showing statute is invalid in every application). His as-applied claim likewise fails, as he concedes that the "Not Established" finding was issued by state child-protection authorities — not by Bertuccio or his firm.

In short, Count X of the SAC is both misdirected and futile: it targets defense counsel who played no role in the challenged determination, rests on legal theories already rejected by New Jersey courts, and fails to satisfy standing requirements. Accordingly, Plaintiff's constitutional challenge should be dismissed with prejudice as against Bertuccio and KMHL&D under Rule 12(b)(6).

## L.  PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW JERSEY LAW IN COUNT XI OF THE SAC

Count XI of the SAC asserts a claim for intentional infliction of emotional distress ("IIED") against all defendants, alleging that the criminal proceedings, indictment, and related events caused him to suffer severe distress (SAC ¶ 260). Plaintiff asserts that Bertuccio and KMHL&D, through their alleged participation in the prosecution, "contributed" to this emotional harm. This claim is legally deficient for multiple reasons.

First, Plaintiff fails to allege any conduct by Bertuccio or KMHL&D that approaches the standard for IIED under New Jersey law. To sustain such a claim, a plaintiff must plead conduct

"so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366 (1988). This threshold is intentionally high, recognizing that the rough edges of society may clash, sometimes leading to bruises or hurt feelings, yet liability arises only for behavior that is "atrocious, and utterly intolerable in a civilized community." Id. Plaintiff alleges no such conduct by Bertuccio or KMHL&D.

Second, New Jersey courts have consistently rejected attempts to base intentional infliction of emotional distress claims on ordinary litigation conduct. In LoBiondo v. Schwartz, 199 N.J. 62, 104–05 (2009), the New Jersey Supreme Court reaffirmed that the litigation privilege broadly shields acts and communications made in the course of judicial proceedings, and that remedies for litigation misconduct lie in sanctions or abuse of process, not tort claims such as IIED. Similarly, in Peterson v. Ballard, 292 N.J. Super. 575, 581–82 (App. Div. 1996), the Appellate Division held that pursuing claims and other litigation-related acts are absolutely privileged and cannot give rise to an IIED cause of action. These authorities make clear that even when litigation activity is stressful or harmful to an opposing party, it does not constitute the "extreme and outrageous" conduct necessary to sustain an IIED claim.

Third, Plaintiff has not pled facts showing the elements of an IIED claim: intent or recklessness, extreme and outrageous conduct, proximate causation, and severe emotional distress. See Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 587 (2009). The SAC recites only conclusory assertions of "emotional harm" without factual content to show that Bertuccio or KMHL&D acted intentionally or recklessly to cause such harm, or that their conduct was "extreme and outrageous." Accordingly, Count XI of the SAC fails to state a claim for IIED against Bertuccio and KMHL&D and is futile as a matter of law. Dismissal under Rule 12(b)(6) is therefore warranted.

## M. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE NEW JERSEY CIVIL RIGHTS ACT AGAINT BERTUCCIO AND KMHL&D IN COUNT XII OF THE SAC

Count XII of SAC asserts a claim under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2, alleging broadly that all defendants—including Bertuccio and KMHL&D—violated his civil rights in connection with the criminal proceedings. This claim is not viable against Bertuccio or KMHL&D.

First, the NJCRA was modeled after 42 U.S.C. § 1983 and is interpreted analogously. See Trafton v. City of Woodbury, 799 F. Supp. 2d 417, 443–44 (D.N.J. 2011). Thus, the same deficiencies that bar Plaintiff's § 1983 claims against defense counsel likewise bar his NJCRA claims. Specifically, defense counsel are not state actors and do not act "under color of law" when representing clients in criminal proceedings. See Polk County, 454 U.S. at 325; Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983").

Second, Plaintiff's allegations of "conspiracy" are conclusory and insufficient to transform private attorneys into state actors. As explained in Great W. Mining & Mineral Co., 615 F.3d at 178–79, and applied by New Jersey courts, bare assertions of collusion—without facts showing an agreement and overt acts—are inadequate to plead joint action. Plaintiff's allegations that Bertuccio "went along with prosecutors" or "failed to challenge indictments" do not plausibly plead a conspiracy under the NJCRA.

Third, the SAC fails to identify any specific NJCRA right that Bertuccio or KMHL&D allegedly violated. The statute protects against "deprivation of substantive due process or equal protection rights secured by the Constitution or laws of this State or the United States." N.J.S.A. 10:6-2(c). Plaintiff relies instead on the same defective theories of malicious prosecution, unlawful seizure, and abuse of process already addressed above, which are futile as a matter of law.

Finally, because the NJCRA claim is derivative of the federal constitutional claims and governed by the same legal standard, it necessarily fails if the § 1983 claims are dismissed. See Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012) ("The NJCRA is interpreted analogously to § 1983, and so Plaintiff's NJCRA claim fails for the same reasons.").

Accordingly, Count XII of the SAC fails to state a claim against Bertuccio and KMHL&D, and amendment on this basis would be futile. Dismissal under Rule 12(b)(6) is therefore warranted.

### N.  PLAINTIFF FAILS TO STATE A CLAIM FOR LEGAL MALPRACTICE UNDER NEW JERSEY LAW AGAINST BERTUCCIO AND KMHL&D IN COUNT XII OF THE SAC.

Count XIII of the SAC purports to assert a state-law claim for legal malpractice against Bertuccio and KMHL&D, alleging that they failed to challenge alleged defects in the indictments, mishandled discovery, and otherwise did not properly represent him during the underlying criminal proceedings. This claim is fatally deficient.

First, under New Jersey law, a legal malpractice claim requires a plaintiff to plead: (1) the existence of an attorney-client relationship giving rise to a duty of care; (2) a breach of that duty; (3) proximate causation; and (4) actual damages. McGrogan v. Till, 167 N.J. 414, 425 (2001); Gautam v. De Luca, 215 N.J. Super. 388, 397 (App. Div. 1987). Plaintiff cannot plausibly satisfy elements two through four.

Second, Plaintiff's allegations are entirely conclusory. The SAC asserts that Bertuccio "went along with prosecutors" and failed to invalidate allegedly defective indictments. These assertions, however, do not establish breach of the duty of care. An attorney's exercise of professional judgment—even if unsuccessful—is not malpractice. Ziegelheim v. Apollo, 128 N.J. 250, 267 (1992). Courts are clear that strategic or tactical decisions made during litigation, absent egregious misconduct, cannot form the basis of a malpractice claim.

Third, Plaintiff cannot show proximate causation. To establish malpractice, a plaintiff must prove that "but for" the attorney's negligence, he would have obtained a more favorable outcome.

Froom v. Perel, 377 N.J. Super. 298, 313 (App. Div. 2005). Here, Plaintiff's criminal charges were ultimately dismissed. He therefore cannot plausibly allege that Bertuccio's actions—or any alleged failures—caused him to sustain a conviction or otherwise worsened his outcome. At most, Plaintiff complains about the inconvenience of pretrial proceedings, but such burdens are inherent in being criminally charged and cannot be attributed to defense counsel as actionable malpractice damages.

Finally, Plaintiff's malpractice allegations overlap almost entirely with his federal constitutional claims. Allowing amendment to pursue a duplicative malpractice claim would multiply proceedings without curing the fundamental defects identified above.

For these reasons, the proposed legal malpractice claim in the SAC is futile and should be dismissed as to Bertuccio and KMHL&D under Rule 12(b)(6).

## **CONCLUSION**

For nearly two years, Plaintiff has pursued a strategy of delay and repeated amendment rather than addressing the substantive deficiencies of his claims. Twice, Plaintiff has waited until after motions to dismiss were fully briefed and pending decision before attempting to amend, thereby mooting Defendants' motions and forcing them to re-litigate issues at considerable expense. This conduct undermines judicial efficiency and squarely prejudices Defendants.

The Second Amended Complaint does not cure the defects already identified. Instead, it repackages conclusory allegations and introduces new theories—such as "false indictment," "continuing seizure," "abuse of process," and "mandatory reporter" violations—that are legally baseless, implausible, or wholly unsupported by facts. Plaintiff's allegations against Bertuccio and KMHL&D rest on the faulty premise that criminal defense counsel can be liable under 42 U.S.C. § 1983 for failing to invalidate indictments, for not intervening in prosecutorial decisions, or for purportedly "conspiring" with the State. As courts in this Circuit have made clear, private defense attorneys are not state actors and cannot be held liable under § 1983 for actions taken in the course of representation. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Angelico v. Lehigh Valley

Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Plaintiff's conspiracy allegations, which lack any factual basis of agreement or overt acts, are precisely the type of conclusory assertions deemed insufficient under Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010).

Likewise, Plaintiff's state-law theories—whether framed as malpractice, intentional infliction of emotional distress, or civil conspiracy—are deficient as a matter of law. He cannot plausibly allege that, but for Bertuccio's conduct, he would have obtained a more favorable result, particularly where the underlying criminal case terminated in dismissal. Nor does he allege facts that could support the extreme and outrageous conduct required for emotional distress claims. In short, Plaintiff's SAC is both dilatory and futile.

For all the foregoing reasons, Defendants Edward C. Bertuccio and Kalavruzos, Mumola, Hartman, Lento & Duff, LLC respectfully request that the Court dismiss the Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: September 19, 2025                      Respectfully submitted,


                                               HARTMAN DUFF, LLC
                                               Attorneys for Defendants Edward C.
                                               Bertuccio and Kalavruzos, Mumola,
                                               Hartman, Lento & Duff, LLC,

                                               BY: /S/ Christopher S. Tretola, Esq.